UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:20-cv-61267-

LORENZO SANCHEZ,

       Plaintiff,

v.

CITY OF CORAL SPRINGS, Florida,
OFFICER JAMES JOHNSON, Individually,
OFFICER SIMEON GUTSMERE, Individually,
and, OFFICER JULIO PEREZ, Individually,

       Defendants.

_____/

## **COMPLAINT**

The Law Offices of James R. Dunn, P.A., and
The Law Offices of Gustavo E. Frances, P.A.
James R. Dunn, Esq.
Florida Bar No. 40950
Gustavo E. Frances, Esq.
Florida Bar No. 16011

200 SE 6th St
Suite 402
Fort Lauderdale, FL 33301
Tel. (954) 684-3535
Fax (954) 533-6796
E-Mail:james@attorneyjamesdunn.com
       geflaw@gmail.com
Attorneys for Plaintiffs

1. This is a civil action seeking money damages in excess of $15,000 dollars,

exclusive of costs, interest, and attorney's fees, against THE CITY OF CORAL SPRINGS, Florida, OFFICER JAMES JOHNSON, Individually, OFFICER SIMEON GUTSMERE, Individually, and, OFFICER JULIO PEREZ, Individually.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear independent State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes.

**PARTIES**

4. Plaintiff LORENZO SANCHEZ is a resident of Coral Springs, Florida.

5. Defendant CITY OF CORAL SPRINGS, Florida, a municipality which is organized and existing under the Constitution and laws of the State of Florida.

6. In this cause, Defendant CITY OF CORAL SPRINGS, Florida, acts through its agents, employees, and servants including Defendants CORAL SPRINGS POLICE OFFICER JAMES JOHNSON, OFFICER SIMEON GUTSMERE, and, OFFICER JULIO PEREZ.

7. OFFICER JAMES JOHNSON, OFFICER SIMEON GUTSMERE, and,

2

OFFICER JULIO PEREZ, were acting under color of law as officers for Defendant CITY OF CORAL SPRINGS, Florida, and in such capacity as an agent, servant, and employees of the CITY OF CORAL SPRINGS, Florida.

8. Plaintiff sues OFFICER JAMES JOHNSON, Individually, OFFICER SIMEON GUTSMERE, Individually, and, OFFICER JULIO PEREZ, Individually.

**FACTS**

9. On July 3, 2019, at approximately 20:01 hours, Lorenzo Sanchez's sister, Jessica Sanchez, requested medical attention by placing a 911 call and requesting an ambulance be dispatched to 10293 NW 54 Place, Coral Springs, FL 33076. Jessica Sanchez stated that Mr. Sanchez was suffering from a mental health episode.

10. The City of Coral Springs responded at 20:20 hours by dispatching armed officers JAMES JOHNSON, SIMEON GUTSMERE, JULIO PEREZ, noting an "Alert" on the residence. This "Alert" was not provided by the Broward County State Attorney's Office as a part of discovery in the criminal case, but officers testified that the alert was placed on the residence and that arose from a prior police interaction between Plaintiff and Coral Springs Police officers resulting in Plaintiff being a subject of a Baker Act civil commitment of Plaintiff when he was a juvenile. Jessica Sanchez explained to the officers that Jessica Sanchez has phoned to request attention to an emergency medical need and not police assistance. The officers nonetheless pushed past her and encountered Lorenzo Sanchez laying on his bed.

11. JAMES JOHNSON, SIMEON GUTSMERE, JULIO PEREZ began to drive stun Lorenzo Sanchez with a taser multiple times before beating him to unconsciousness, causing scarring about his face, embarrassment, pain, a pronounced limp, and emotional damages. These actions were captured by video which is incorporated by reference as an exhibit[1] to this complaint.

12. The actions of JAMES JOHNSON, SIMEON GUTSMERE, JULIO PEREZ, shocking Lorenzo Sanchez with a taser, and beating him to unconsciousness as well as arresting Lorenzo Sanchez are the result of Coral Springs Police failure to allow access by medical attention to Mr. Sanchez. This failure is a part of a failure to Coral Springs to train its officers related to mental health episodes and a failure to treat Mr. Sanchez as a person suffering from a medical condition. These violent actions are the result of Coral Springs Police's widespread policy of excessive force. Further, these actions resulted from a failure to provide adequate policy and procedure to guide police officer actions, and are the result of a failure to provide proper training and/or supervision to JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ.

13. Plaintiff Lorenzo Sanchez was subject to arrest and booking into the Broward County Jail under the premise of a felony charge that included resisting arrest

---

[1] The Southern District Court CM/ECF system only accommodates PDF formatted documents as exhibits to the exclusion of video files or links to hosted video files. Still shots do not capture the speed of movement nor are they the best evidence of the allegations made herein. The video is available upon request from the filers.

4

with violence. Subsequently, a jury verdict of not guilty was entered acquitting Lorenzo Sanchez of all charges in the criminal case.

## CAUSES OF ACTION

### COUNT I
### FOURTH AMENDMENT CLAIMS AGAINST DEFENDANTS, JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendants, JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, in Count I, Plaintiff states:

14. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 13.

15. Defendants, JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, proximately caused the arrest of Plaintiff LORENZO SANCHEZ in the absence of probable cause that LORENZO SANCHEZ had committed any criminal offense.

16. Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, proximately caused the arrest of Plaintiff LORENZO SANCHEZ on felony battery on a law enforcement officer charges in the absence of probable cause that LORENZO SANCHEZ had committed such criminal offense.

17. Alternatively, if the seizure of Plaintiff by JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, was a temporary detention and not an arrest, Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, temporarily detained Plaintiff in the absence of reasonable suspicion that Plaintiff had committed, was committing, or was about

to commit any offense, and the pat down search of Plaintiff was conducted by Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, in the absence of reasonable suspicion that Plaintiff was armed or dangerous, and exceeded the scope of a lawful pat down search for weapons.

18. The conduct of Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, towards Plaintiff was objectively unreasonable, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause that Plaintiff committed any criminal offense, and temporary detention (including the pat-down search and search of Plaintiff's person) in the absence of reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any offense, or was armed or dangerous.

19. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

20. As a further direct and proximate result of the conduct of Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, Plaintiff suffered loss of his liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Judgment for exemplary damages;

    iii. Cost of suit;

    iv. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v. Trial by jury as to all issues so triable; and

    vi. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT CITY OF CORAL SPRINGS

For his cause of action against Defendant CITY OF CORAL SPRINGS, Florida, in Count II, Plaintiff states:

21. Plaintiff realleges and adopts, as if fully set forth in Count III the allegations of paragraphs 1 through 13.

22. Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, proximately caused the arrest of Plaintiff Lorenzo Sanchez in the absence of probable cause that Plaintiff committed any criminal offense.

23. Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, proximately caused the arrest of Plaintiff on felony resisting arrest in the absence of probable cause that Plaintiff committed felony resisting of arrest.

24. The conduct of JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, in causing the arrest of Plaintiff in the absence of probable

7

cause, was taken in the absence of lawful authority. The conduct of Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, constitutes false arrest/false imprisonment of Plaintiff under Florida law.

25. The false arrest/false imprisonment of Plaintiff was committed by Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, in the course and scope of their employment as a police officers for the CITY OF CORAL SPRINGS, Florida.

26. Alternatively, if Plaintiff was not subjected to arrest by Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, the temporary detention of Plaintiff by Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, was committed by Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ in the absence of reasonable suspicion that Plaintiff had committed, was committing, or as about to commit any criminal offense.

27. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and have been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

28. As a further direct and proximate result of the conduct of Defendant CITY OF CORAL SPRINGS, Florida, Plaintiff suffered loss of his liberty and freedom, costs associated with his defense of the criminal action by the State of Florida as against him, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of the Plaintiff's rights.

WHEREFORE, the Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Cost of suit;

    iii. Trial by jury as to all issues so triable; and

    iv. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANTS JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, Individually

For his cause of action against Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, in Count III, Plaintiff states:

29. Plaintiff realleges and adopts, as if fully set forth in Count III the allegations of paragraphs 1 through 13.

30. The false arrest/false imprisonment of Plaintiff was committed by Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ.

31. Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, proximately caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

32. The conduct of Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, in causing the arrest of Plaintiff in the absence of probable cause, was taken in the absence of lawful authority. The conduct of Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, constitutes false arrest/false imprisonment of Plaintiff under Florida law.

33. Alternatively, if Plaintiff was not subjected to arrest by Defendants JAMES

JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, the temporary detention of Plaintiff was committed by Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, in the absence of reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any criminal offense.

34. Alternatively to the allegations set forth in Count III, if the arrest or temporary detention of Plaintiff by Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, was committed outside the course and scope of Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, employment, or in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the conduct of Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, occurred in their individual capacities.

35. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

36. As a further direct and proximate result of the conduct of Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, Plaintiff suffered loss of his liberty and freedom, costs associated with his defense of the criminal action by the State of Florida as against him, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, the Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Judgment for exemplary damages;

    iii. Cost of suit;

    iv. Trial by jury as to all issues so triable; and

    v. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## BATTERY CLAIM AGAINST DEFENDANTS JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, Individually

For his cause of action against Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ individually, in Count IV the Plaintiff states:

37. The Plaintiff incorporate and reference paragraphs 1-13, as if specifically set forth herein.

38. On July 3, 2019, Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, did commit battery upon Plaintiff by unlawfully touching and/or using physical force against Plaintiff against his will. JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ's actions were unwarranted, unjustified, and offensive.

39. The batteries committed against Plaintiff by JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ were committed with malice and an intention to punish, and thus, outside of the scope of JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ'S discretionary duties.

40. In the alternative, the battery upon Plaintiffs were committed while JAMES

11

JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ were acting in the course and scope of their duties as officers for the CITY OF CORAL SPRINGS, Florida, without malice, bad faith, or in a manner which was willfully or wantonly in disregard for their safety or well being, but due to negligence caused by incompetence and a lack of training.

41. To the extent JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ were acting in the course and scope of their duties as officers for the CITY OF CORAL SPRINGS, Florida, without malice, bad faith, or in a manner which was willfully or wantonly in disregard for Plaintiffs' safety or well-being, JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ breached a duty owed to Plaintiff as JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ were in charge of Plaintiff's care and custody.

42. As a direct and proximate result, Plaintiff suffered physical injury to his body, and emotional injury, including but not limited to: humiliation and exacerbation of emotional suffering.

WHEREFORE Plaintiff seeks entry of judgment for compensatory damages against JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, along with costs, as well as any other award the Court deems just.

## COUNT V
## BATTERY CLAIM AGAINST THE CITY OF CORAL SPRINGS

For his cause of action against Defendant CITY OF CORAL SPRINGS, Florida, in Count V, Plaintiff states:

43. The Plaintiff incorporates paragraphs 1-13 as if specifically set forth herein.

12

44. On July 3, 2019, Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, did commit battery upon Plaintiff by unlawfully touching and/or using physical force against both Plaintiff against his will. JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ's actions were unwarranted, unjustified, and offensive.

45. At the time of the offensive touching and/or physical force Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ were acting in the course and scope of their duties as police officers for THE CITY OF CORAL SPRINGS, Florida, without malice, bad faith, or in a manner which was willfully or wantonly in disregard for Plaintiff's safety or well-being.

46. In doing so, Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ breached a duty of care owed to Plaintiff as he was in the care and custody of the officers while they acted as employees, agents, or servants of THE CITY OF CORAL SPRINGS, Florida.

47. As a direct and proximate result, Plaintiff suffered physical injury to his body, and emotional injury, including but not limited to: humiliation and exacerbation of emotional suffering.

WHEREFORE Plaintiff seeks entry of judgment for damages against THE CITY OF CORAL SPRINGS, FLORIDA, along with costs, as well as any other award the Court deems just.

### COUNT VI
### INFLICTION OF EMOTIONAL DISTRESS by DEFENDANTS JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ

For his cause of action against Defendants JAMES JOHNSON, SIMEON GUTSMERE,

and, JULIO PEREZ, in Count VI, Plaintiffs states:

48. The Plaintiffs incorporate and reference paragraphs 1-13 as if specifically set forth herein.

49. On July 3, 2020, Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, did commit battery upon Plaintiff by unlawfully touching and/or using physical force against Plaintiff against his will. JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ's actions were unwarranted, unjustified, and offensive.

50. The force used by Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ against Plaintiff served no legitimate purpose, and was done with malice, and was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as uncivilized.

51. The actions of JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ at the time, as stated above, indicate an intent to cause emotional suffering.

52. As a direct and proximate result of JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ's actions, Plaintiff suffered severe emotional harm, and/or purposeful humiliation.

WHEREFORE, the Plaintiff requests this Court enter judgment against Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, individually, and award the Plaintiff compensatory and punitive damages, as well all other further relief this Court deems just and proper.

## COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS by CITY OF CORAL SPRINGS

For his cause of action against Defendant CITY OF CORAL SPRINGS, Florida, in Count VII, Plaintiff states:

53. The Plaintiff incorporates and reference paragraphs 1-13 as if specifically set forth herein.

54. On July 3, 2019, Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, did commit battery upon Plaintiff by unlawfully touching and/or using physical force against Plaintiff against his will. JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ's actions were unwarranted, unjustified, and offensive.

55. Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ negligently caused physical injury and resulting emotional distress to Plaintiff.

56. At the time Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ owed a duty of care to Plaintiff as they were Plaintiff's jailers and possessed complete control of Plaintiff's freedom and movement.

57. Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ breached that duty of care by negligently causing physical injury and resulting emotional distress.

58. At the time Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ did so, they were acting in the course and scope of their employment for the CITY OF CORAL SPRINGS, Florida.

59. Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ's

actions were the result of negligent breach and disregard for Plaintiff's safety or well-being.

60. As a direct and proximate result of Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ'S breach of duty, Plaintiff suffered both physical and resulting emotional distress, to wit: injury to face, chest, hands and wrists, ankles and body, as well as humiliation and anxiety.

WHEREFORE Plaintiffs seek entry of judgment for damages against the CITY OF CORAL SPRINGS, Florida, along with costs, as well as any other award the Court deems just.

## COUNT VIII
## EXCESSIVE USE OF FORCE AGAINST DEFENDANTS JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For their cause of action against Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, in Count VIII, Plaintiff states:

61. Plaintiff realleges and adopts, as if fully set forth in Count VIII, the allegations of paragraphs 1 through 13.

62. At no time before, during or after Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ determined to electrocute, strike, and tackle LORENZO SANCHEZ did Plaintiff oppose, resist or offer violence to Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ or any other person such that the use of force could be considered necessary or justifiable.

63. The force used by Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ against Plaintiff was objectively unreasonable and unnecessary.

64. The actions and words of Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ at the time, and afterword demonstrate that they acted maliciously and outside the scope of discretionary duties, such that they are disentitled to any claim of immunity.

65. As a direct and proximate result of Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ's actions Plaintiffs suffered both physical and exacerbated emotional harm.

WHEREFORE Plaintiffs seek entry of judgment for damages both compensatory and punitive against Defendants JAMES JOHNSON, SIMEON GUTSMERE, and, JULIO PEREZ, along with costs and reasonable attorney's fees, as well as any other award the Court deems just.

DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable as of right.

Respectfully submitted,

Dated: June 29, 2020

By: /s/ James R. Dunn
The Law Offices of James R. Dunn, P.A., and
The Law Offices of Gustavo E. Frances, P.A.
James R. Dunn, Esq.
Florida Bar No. 40950
Gustavo E. Frances, Esq.
Florida Bar No. 16011
200 SE 6th St
Suite 402
Fort Lauderdale, FL 33301
Tel. (954) 684-3535
Fax (954) 533-6796
E-Mail:james@attorneyjamesdunn.com
    geflaw@gmail.com
Attorneys for Plaintiffs

17