UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 0:20-cv-61267-AHS

LORENZO SANCHEZ,

    Plaintiff,

Vs.

CITY OF CORAL SPRINGS,
OFFICER JAMES JOHNSON, individually,
OFFICER JULIO PEREZ, individually, and
OFFICER SIMEON GUTSMERE, individually,

    Defendants.
_____/

**DEFENDANT, CITY OF CORAL SPRINGS' ANSWER AND
DEFENSES TO COUNTS II AND V**

    Defendant, CITY OF CORAL SPRINGS, by and through its undersigned attorneys, files its Answer and Defenses to Counts II and V of the Complaint, as follows:

    1.    Defendant, CORAL SPRINGS, admits that this Court has supplemental jurisdiction over the common law claims; however, if such claims are remanded in the future, they would fall below the $30,000 jurisdictional minimum for a Florida Circuit Court based upon these allegations. Defendant further denies that Plaintiff has any entitlement to attorney's fees for any claims asserted against it.

    2.    Defendant, CORAL SPRINGS, admits the allegations of paragraph 2 for jurisdictional purposes, but denies that Plaintiff is entitled to relief.

    3.    Defendant, CORAL SPRINGS, denies the allegations of paragraph 3.

    4.    Defendant, CORAL SPRINGS, admits the allegations of paragraph 4.

    5.    Defendant, CORAL SPRINGS, denies the allegations of paragraph 5.

Sanchez v. City of Coral Springs, et al
Case No. 20-cv-61267
P a g e | 2

6. Defendant, CORAL SPRINGS, denies the allegations of paragraph 6.

7. Defendant, CORAL SPRINGS, denies the allegations of paragraph 7.

8. Defendant, CORAL SPRINGS, admits that Plaintiff has sued the officers in their individual capacities.

9. Defendant, CORAL SPRINGS, denies the allegations of paragraph 9.

10. Defendant, CORAL SPRINGS, denies the allegations of paragraph 10.

11. Defendant, CORAL SPRINGS, denies the allegations of paragraph 11.

12. Defendant, CORAL SPRINGS, denies the allegations of paragraph 12.

13. Defendant, CORAL SPRINGS, denies the allegations of paragraph 13.

14. Defendant, CORAL SPRINGS, denies the allegations of paragraph 14.

15. Defendant, CORAL SPRINGS, denies the allegations of paragraph 15.

16. Defendant, CORAL SPRINGS, denies the allegations of paragraph 16.

17. Defendant, CORAL SPRINGS, denies the allegations of paragraph 17.

## COUNT I – FOURTH AMENDMENT CLAIM AGAINST OFFICERS

18. The allegations contained within Count I and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

19. The allegations contained within Count I and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

Sanchez v. City of Coral Springs, et al
Case No. 20-cv-61267
P a g e | **3**

20. The allegations contained within Count I and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

21. The allegations contained within Count I and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

22. The allegations contained within Count I and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

23. The allegations contained within Count I and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

24. The allegations contained within Count I and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

**COUNT II – FALSE ARREST/IMPRISONMENT AGAINST CORAL SPRINGS**

25. Defendant, CORAL SPRINGS, realleges its responses to paragraphs 1 through 17.

26. Defendant, CORAL SPRINGS, denies the allegations of paragraph 26.

27. Defendant, CORAL SPRINGS, denies the allegations of paragraph 27.

28. Defendant, CORAL SPRINGS, denies the allegations of paragraph 28.

29. Defendant, CORAL SPRINGS, denies the allegations of paragraph 29.

Sanchez v. City of Coral Springs, et al
Case No. 20-cv-61267
P a g e | **4**

30. Defendant, CORAL SPRINGS, denies the allegations of paragraph 30.

31. Defendant, CORAL SPRINGS, denies the allegations of paragraph 31.

32. Defendant, CORAL SPRINGS, denies the allegations of paragraph 32.

**COUNT III – FALSE ARREST/IMPRISONMENT AGAINST OFFICERS**

33. The allegations contained within Count III and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

34. The allegations contained within Count III and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

35. The allegations contained within Count III and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

36. The allegations contained within Count III and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

37. The allegations contained within Count III and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

Sanchez v. City of Coral Springs, et al
Case No. 20-cv-61267
P a g e | **5**

38. The allegations contained within Count III and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

39. The allegations contained within Count III and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

40. The allegations contained within Count III and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

**COUNT IV – BATTERY AGAINST OFFICERS**

41. The allegations contained within Count IV and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

42. The allegations contained within Count IV and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

43. The allegations contained within Count IV and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

Sanchez v. City of Coral Springs, et al
Case No. 20-cv-61267
P a g e | **6**

44. The allegations contained within Count IV and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

45. The allegations contained within Count IV and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

46. The allegations contained within Count IV and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

47. The allegations contained within Count IV and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

48. The allegations contained within Count IV and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

## COUNT V – BATTERY AGAINST CORAL SPRINGS

49. Defendant, CORAL SPRINGS, realleges its responses to paragraphs 1 through 17.

50. Defendant, CORAL SPRINGS, denies the allegations of paragraph 50.

51. Defendant, CORAL SPRINGS, denies the allegations of paragraph 51.

52. Defendant, CORAL SPRINGS, denies the allegations of paragraph 52.

53. Defendant, CORAL SPRINGS, denies the allegations of paragraph 53.

Sanchez v. City of Coral Springs, et al
Case No. 20-cv-61267
P a g e | 7

54. Defendant, CORAL SPRINGS, denies the allegations of paragraph 54.

55. Defendant, CORAL SPRINGS, denies the allegations of paragraph 55.

### COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST OFFICERS

56. The allegations contained within Count VI and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

57. The allegations contained within Count VI and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

58. The allegations contained within Count VI and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

59. The allegations contained within Count VI and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

60. The allegations contained within Count VI and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

### COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

61. Defendant, CORAL SPRINGS, realleges its responses to paragraphs 1 through 17.

Sanchez v. City of Coral Springs, et al
Case No. 20-cv-61267
P a g e | 8

62. Defendant, CORAL SPRINGS, has filed a Motion to Dismiss Count VII and, therefore, does not Answer these allegations at this time. If its Motion were to be denied, then Defendant denies the allegations of this paragraph.

63. Defendant, CORAL SPRINGS, has filed a Motion to Dismiss Count VII and, therefore, does not Answer these allegations at this time. If its Motion were to be denied, then Defendant denies the allegations of this paragraph.

64. Defendant, CORAL SPRINGS, has filed a Motion to Dismiss Count VII and, therefore, does not Answer these allegations at this time. If its Motion were to be denied, then Defendant denies the allegations of this paragraph.

65. Defendant, CORAL SPRINGS, has filed a Motion to Dismiss Count VII and, therefore, does not Answer these allegations at this time. If its Motion were to be denied, then Defendant denies the allegations of this paragraph.

66. Defendant, CORAL SPRINGS, has filed a Motion to Dismiss Count VII and, therefore, does not Answer these allegations at this time. If its Motion were to be denied, then Defendant denies the allegations of this paragraph.

67. Defendant, CORAL SPRINGS, has filed a Motion to Dismiss Count VII and, therefore, does not Answer these allegations at this time. If its Motion were to be denied, then Defendant denies the allegations of this paragraph.

68. Defendant, CORAL SPRINGS, has filed a Motion to Dismiss Count VII and, therefore, does not Answer these allegations at this time. If its Motion were to be denied, then Defendant denies the allegations of this paragraph.

Sanchez v. City of Coral Springs, et al
Case No. 20-cv-61267
P a g e | **9**

## COUNT VIII – EXCESSIVE FORCE AGAINST OFFICERS

69. The allegations contained within Count VIII and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

70. The allegations contained within Count VIII and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

71. The allegations contained within Count VIII and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

72. The allegations contained within Count VIII and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

73. The allegations contained within Count VIII and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

74. The allegations contained within Count VIII and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

Sanchez v. City of Coral Springs, et al
Case No. 20-cv-61267
P a g e | **10**

75. The allegations contained within Count VIII and this paragraph are directed at the individual defendants; therefore, no response from CORAL SPRINGS is required. To the extent, however, that these allegations pertain or refer to CORAL SPRINGS, they are denied.

76. All allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

77. Defendant asserts that any injuries or damages Plaintiff complains of were sustained while Plaintiff was in the course or attempted course of commission of a forcible felony. Therefore, these claims are barred by operation of §776.085, *Florida Statutes.*

78. Defendant asserts that because probable cause existed to detain and/or arrest Plaintiff with an offense, including under Florida's Baker Act, §394.463, *Florida Statutes*, his detention and arrest were valid, even if all offenses (or statutory detention/arrest under the Baker Act) were not announced at the time. The City may rely upon any additional uncharged violations or this statutory provision to validate this detention and/or arrest.

79. Defendant asserts that pursuant to §394.463, *Florida Statutes*, the officers were obligated to arrest and transport Plaintiff, thus the claim for False Arrest/Imprisonment must fail.

80. Any damages or injuries sustained by Plaintiff were incurred solely as a result of Plaintiff's violations of the Florida Statutes, including his criminal, intentional and/or negligent acts.

81. Defendant, City, asserts that its officers acted appropriately; however, if a finder of fact were to determine that they acted in bad faith, with malicious purpose, or in a manner

Sanchez v. City of Coral Springs, et al
Case No. 20-cv-61267
P a g e | **11**

exhibiting wanton and willful disregard of human rights and safety, then the City would be immune pursuant to §768.28, *Florida Statutes*.

82. Defendant asserts that Plaintiff has not properly and fully complied with the notice requirements of §768.28, *Florida Statutes*.

83. Any recovery by the Plaintiff must be reduced to the extent of benefits paid or payable to Plaintiff from any and all collateral sources.

84. That Defendant's employees acted appropriately and lawfully at all times material hereto and Defendant, CORAL SPRINGS, is thus entitled to the presumption that the exercise of its police power was for the purpose of protecting the public health, safety and/or welfare, and otherwise presumed to be for the purpose of preventing harm. Such rebuttable presumption requires proof to the contrary by clear and convincing evidence by Plaintiff as more fully set forth in Florida Statute § 11.066(2).

85. Any force utilized was *de minimis* as a matter of law.

86. Any claim for use of force incidental to arrest is subsumed within a claim for false arrest.

87. Defendant asserts that its officers utilized objectively reasonable force, and that they were not under a legal duty to retreat because of Plaintiff's physical resistance, even resistance occasioned by his own drug use or mental illness, and that they were permitted to stand their ground, and overcome Plaintiff's resistance pursuant to §776.012, *Florida Statutes*.

Sanchez v. City of Coral Springs, et al
Case No. 20-cv-61267
P a g e | **12**

88. Defendant asserts that Plaintiff's own intentional misconduct, and self-intoxication, led to the subject encounter, and that Plaintiff is barred from recovery for any personal injuries sustained as a result.

89. Plaintiff is not entitled to recover attorney's fees incurred in defending the criminal charges pursued by the State of Florida.

90. Defendant, CITY OF CORAL SPRINGS, demands trial by jury.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this  22nd day of September, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY:   /s/ *E. BRUCE JOHNSON*
E. BRUCE JOHNSON
FLA. BAR NO. 262137
*/s/ SCOTT D. ALEXANDER*
SCOTT D. ALEXANDER
FLA. BAR NO. 057207
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Counsel for City of Coral Springs**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
Johnson@jambg.com / Young@jambg.com
Alexander@jambg.com SDA-assistant@jambg.com

Sanchez v. City of Coral Springs, et al
Case No. 20-cv-61267
P a g e | **13**

## SERVICE LIST

**GUSTAVO EDUARDO FRANCES**
THE LAW OFFICE OF GUSTAVO E. FRANCES, P.A.
**Counsel for Plaintiff**
200 SE 6th Street, Suite 402
Fort Lauderdale, FL 33301
(954) 533-2756 (Phone)
(954) 533-6796 (Facsimile)
geflaw@gmail.com

**JAMES RICHARD DUNN**
JAMES R. DUNN, P.A.
**Counsel for Plaintiff**
200 SE 6th Street, Suite 402
Ft. Lauderdale, FL 33301
(954) 684-3535 (Phone)
(954) 533-6796 (Facsimile)
James@AttorneyJamesDunn.com


**E. BRUCE JOHNSON, ESQ.**
**SCOTT D. ALEXANDER, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Counsel for City of Coral Springs**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Johnson@jambg.com / Young@jambg.com
Alexander@jambg.com sda-assistant@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Facsimile)